UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  2:05-CR-54 PS |
| | ) | |
| BRANDON CANDIANO | ) | |

## OPINION AND ORDER

Before the Court are a Motion to Dismiss and a Motion to Revoke Detention Order filed by the Defendant, Brandon Candiano.  Defendant is currently charged with violating 18 U.S.C. § 2422(b), using a means of interstate commerce to entice a person under the age of eighteen to engage in sexual activity.  He moves to dismiss the case against him on the grounds that he believes that the statute requires the person whom he enticed to actually be a minor or a law enforcement official.  Because the statute does not so require, his motion is denied.

### I.  FACTS

A group known as US Cyberwatch plants volunteers in internet chat rooms who pretend to be under eighteen in order to catch people who attempt to solicit minors for sexual activity. An adult volunteer from the organization logged onto a Yahoo! chat room as "Kira."  Soon after logging on, she was contacted by Candiano, who asked for her age.  Kira told him that she was thirteen years old.  Eventually, Candiano propositioned Kira and asked her to meet him at a specific location.  After chatting online and over the phone for a while, Kira agreed to meet him. According to the internet correspondence, Candiano stated that he went to the prearranged location and "drove around for twenty minutes," but Kira did not show up. Thus, when Candiano got back online, he asked her to meet him again, this time at a location near Hammond High

School. Because Kira was actually a volunteer for US Cyberwatch, she never met him there either.

Instead, transcripts of Candiano's chat room sessions were posted on the internet. He was given a chance to respond, and did so in an e-mail to the organization. US Cyberwatch passed the information they had gathered on to the FBI. Working with Candiano's internet service provider, the FBI confirmed that the e-mail sent to US Cyberwatch was sent from Candiano's address, and the government brought the present charges against him.

## II. DISCUSSION

Candiano seeks to have the case against him thrown out because he believes that in order to violate § 2422(b) the statute requires that the person whom he contacted actually be under eighteen. He bases this argument not on the text of the statute, but on United States Sentencing Guideline § 2G1.3, Commentary Application Note 1, which defines a minor as:

> (A) an individual who had not attained the age of 18 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.

It is difficult to see what argument the Defendant is making, since – at the risk of stating the obvious – the Sentencing Guidelines apply to sentencing procedures. As the statute promulgating the guidelines states, they are to be used by a "sentencing court in determining the sentence to be imposed in a criminal case . . ." 28 U.S.C. § 994(a)(1). We will get to that stage of these proceedings only if Candiano is convicted. Candiano quotes from several cases that held that the Guidelines (and their commentary), as written, had the force of law. *See, e.g., U.S. v. Booker*, 125 S.Ct. 738 (2005). This is, of course, true at sentencing, but that says nothing about the effect that the guidelines have on the criminal statute, and that is a separate issue.

Before *Booker*, it was clear that statutes trump the Guidelines.  *U.S. v. Schaefer*, 107 F.3d 1280, 1285 (7th Cir. 1997); *United States v. Allen*, 16 F.3d 377, 379 (10th Cir. 1994); *United States v. Novey*, 78 F.3d 1483, 1486 (10th Cir. 1996) ("[T]he Sentencing Commission does not have the authority to override or amend a statute.").  Now that the Supreme Court has released its opinion in *Booker*, the Guidelines are no longer mandatory.  *Booker*, 125 S.Ct. at 756.  This only bolsters the conclusion that the Guidelines (and their commentary) do not trump the statute.

The real issue here is whether or not the *statute* requires the person whom Candiano contacted to actually be under eighteen.  The statute states:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 5 years and not more than 30 years.

18 U.S.C. § 2422(b).  As the statute makes clear, Congress has criminalized the *attempt* to engage in sexual activity with a minor.  While it is true that there is no general attempt provision in the federal criminal code, many federal statutes – like the one at issue here – contain attempt provisions.  It is up to Congress to decide which federal crimes should have attempt provisions and which should not.

The crime of attempt requires the specific intent to commit a crime and a substantial step towards the commission of that crime.  *See* Seventh Circuit Pattern Jury Instructions § 4.07; *United States v. Martinez-Garcia*, 268 F.3d 460, 465-66 (7th Cir.2000).  "Futile attempts because of factual impossibility are attempts still the same."  *United States v. Cotts*, 14 F.3d 300, 307 (7th Cir.1994).  In an attempt case like this, a defendant's belief that a particular element of a crime is met differentiates legal from illegal behavior.  *U.S. v. Johnson*, 376 F.3d 689, 695 (7th Cir. 2004).  In other words, the fact that Candiano believed that "Kira" was a minor is enough to

establish the element of the victim's age. As the transcripts from their chat sessions show, Candiano clearly believed Kira to be a minor before he propositioned her, so his motion to dismiss is denied.

### III. CONCLUSION

Defendant has moved to dismiss the indictment against him and to revoke his detention order. Both motions were based on the same grounds. Because the Court finds that these grounds are without merit, both motions [Docket Nos. 24 and 37] are **DENIED**.

**SO ORDERED**.

ENTERED: August 25, 2005

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT