UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:05-CR-54 PS |
| v. ) | |
| ) | |
| BRANDON CANDIANO ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Defendant Brandon Candiano is charged with two counts of violating 18 U.S.C. § 2422(b), using a means of interstate commerce to attempt to entice a person under the age of eighteen to engage in sexual activity for which Defendant could be charged with a criminal offense. Before the Court is Defendant's Motion to Dismiss Indictment. Defendant contends that the indictment must be dismissed because it fails to identify the "criminal offense" that would have been violated had Defendant's alleged attempt been successful. In the alternative, relying on an unpublished opinion from the Western District of Missouri, Defendant argues for the second time in this case that § 2422(b) is not violated when the victim is an adult posing as a minor and not an actual minor.[1]

As to the first basis, we deny the Motion to Dismiss Indictment but construe the request as a Motion for a Bill of Particulars and order the government to advise Defendant what the

---

[1] Defendant's second argument is a repeat of one previously made to and rejected by the Court. In a previous motion to dismiss filed on July 8, 2005, Defendant argued that the statute requires the person whom he enticed to actually be a minor or a law enforcement official. For a more complete discussion of the facts of this case, see this Court's August 25, 2005 Order denying Defendant's Motion to Dismiss.

"criminal offense" is that would have been violated had Defendant been successful. As for the second basis for the pending Motion, for the reasons stated in our earlier order, the Motion to Dismiss is denied.

## DISCUSSION

I.     The Sufficiency of the Indictment

§ 2422(b) makes it unlawful to use a means of interstate commerce to attempt to persuade or induce "any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense[.]" Defendant claims that because the indictment does not allege what "criminal offense" would have been violated had the attempt of § 2422(b) been completed, it must be dismissed. It is true the superseding indictment in this case simply tracks the language of the statute without specifying the "criminal offense" that would have been violated. *See* Superseding Indictment [Doc. 66].

To be sufficient, an indictment must only: "1) state all the elements of the crime charged, generally by tracking the statutory language of the offense; 2) adequately apprise the defendant of the nature of the charges so that he may prepare a defense; and 3) allow the defendant to plead the judgment as to a bar to any future prosecutions." *United States v. Sandoval*, 347 F.3d 627, 633 (7th Cir. 2003); *see also* Fed. R. Crim. P. 7(c)(1); *United States v. Fassnacht*, 332 F.3d 440, 444-45 (7th Cir. 2003) ("For an indictment to be legally sufficient, it must accomplish three functions: it must state each of the elements of the crime charged, it must provide adequate notice of the nature of the charges so that the accused may prepare a defense; and it must allow the defendant to raise the judgment as a bar to future prosecutions for the same offense."). An indictment should be reviewed in its entirety "on a practical basis, rather than in a

2

'hypertechnical manner.'" *Sandoval*, 347 F.3d at 633 (citation omitted). Furthermore, "[a]lthough the indictment must provide some means of pinning down the specific conduct at issue in order to apprise the defendant of the charges, the presence or absence of any particular fact need not be dispositive." *Id.*

The indictment here, when reviewed "on a practical basis," fulfills all three essential functions. The indictment states all the elements of the crime charged, by tracking the statutory language of § 2422(b), thus fulfilling the first function. *See* Superseding Indictment [Doc. 66]. It is not necessary for the indictment to delineate the specific charge and elements of the "criminal offense." That is because the indictment also fulfills the second function and informs Defendant of the nature of the charges, *i.e.*, the underlying facts, thereby providing notice to Defendant of the conduct for which he is being charged. The key facts necessary for Defendant to prepare a defense are contained in the indictment, including dates, specific individuals, and particular means of interstate commerce. These facts presented in the indictment also provide Defendant with sufficient information to permit him "to plead the judgment as to a bar to any future prosecutions[,]" the third function of a proper indictment. Therefore, the indictment as presented is legally sufficient, even if the exact "criminal offense" is not defined. *See Fassnacht*, 332 F.3d at 446 ("Once the elements of the crime have been specified, an indictment need only provide enough factual information to enable the defendants to identify the conduct on which the government intends to base its case."). *Cf. Levine v. United States*, 25 F. Supp. 2d 905, 909-10 (N.D. Ind. 1998) (finding indictment adequately informed Defendant of the federal murder-for-hire charge, where defendant claimed that indictment did not indicate that murder violated law and that law was violated in Indiana, or if so, which Indiana statute was violated).

Nevertheless, although this Court finds that the indictment need not contain what criminal offense would have been violated had the alleged attempt been completed, the Court finds such a request for that information reasonable.  *See, e.g., United States v. Root*, 296 F.3d 1222, 1227 n.10 (11th Cir. 2002), *cert. denied* 537 U.S. 1176 (2003) (noting that the indictment for 18 U.S.C. § 2422(b) "identified the relevant offenses as certain sexual conduct with children under the age of 16 forbidden under Georgia law") (citation omitted); *United States v. Dhingra*, 371 F.3d 557, 560 (9th Cir. 2004) (noting that the indictment of one count of violating 28 U.S.C. § 2422(b) "specified that [defendant] induced the minor to engage in lewd or lascivious conduct as would constitute a criminal offense under California Penal Code § 288(c)(1), which criminalizes sexual contact between a victim 14 or 15 years of age and someone ten or more years older").  The Court therefore now characterizes that section of Defendant's Motion to Dismiss as a Motion for a Bill of Particulars and directs the government to provide the relevant "criminal offense" at issue in this case.  *See* Fed. R. Crim. P. 7(f) ("The court may direct the government to file a bill of particulars.").

**II.     The Attempt Provision Of 18 U.S.C. § 2422(b)**

This Court previously found that 18 U.S.C. § 2422(b) does not require the person whom Defendant allegedly enticed to be a minor or law enforcement official.  *See* 8/25/05 Order at 1. Defendant has now submitted a similar argument asserting that there is no violation of § 2422(b) when the attempt is "directed at adults posing as minors, as opposed to actual minors[.]"  (Def.'s Mot. to Dismiss at 1.)

To support his position, Defendant cites to *United States v. Helder*, a Western District of Missouri case, which held that § 2422(b) only applies to cases involving actual minors.  05-

4

00125-01-CR-W-DW, at 4 (W.D. Mo. August 5, 2005).  In reaching its holding, the *Helder* court reasoned that § 2422(b) unambiguously requires that the person enticed "be 'an individual who has not attained the age of 18 years.'"  *Id*. at 2 (citing 18 U.S.C. § 2422(b)).  The court noted that the statute does not make any reference to any individuals believed to be under the age of 18.  *Id*.  In fact, Congress considered and rejected an amendment to § 2422(b) that would have changed the language of the statute to include individuals "represented to the person making the contact as not having attained the age of 18 years."  *Id*.  Therefore, given the plain language of the statute and the legislative history, the court found that § 2422(b) only criminalizes attempts involving actual minors, not attempts involving adults posing as minors.  *Id*. at 3.

  We do not find the reasoning of *Helder* to be persuasive and therefore respectfully disagree with it.  *Helder*'s interpretation of the statute criminalizes some attempts, but authorizes others.  An attempt is an inchoate offense meaning the crime is in the mind of the defendant.  Although the federal criminal code does not have a general attempt provision, there are some offenses that are serious enough in the eyes of Congress that simply attempting those crimes is worthy of punishment.  Such is the case with § 2422(b).  In our view, it does not matter that Defendant could not in fact have completed the offense.  The relevant question for the jury to decide is whether Defendant knowingly attempted to induce a minor to engage in illegal sexual activity, not whether he could in fact have succeeded in that attempt.

  As Defendant acknowledges, other courts have held that § 2422(b) does not require the involvement of an actual minor.  (Mot. To Dismiss at 2.)  For example, in *United States v. Meek*, the Ninth Circuit rejected any attempts to look to the legislative history of § 2422(b), finding that the meaning of the statute is clear from its text.  366 F.3d 705, 719 (9th Cir. 2004).  To be guilty

5

of attempt under § 2422(b), a person must "knowingly" attempt to entice a minor to engage in illegal sexual activity. *Id*. at 718. In other words, "[t]he statute requires mens rea, that is, a guilty mind." *Id*. So long as a jury could reasonably infer that the defendant knowingly intended to engage in illegal sexual activity with a minor, it is irrelevant whether or not the defendant was mistaken in his knowledge. *Id.* As the *Meek* court reasoned, to hold otherwise would be contrary to the very purpose of the statute – it would allow a defendant who fully intended to entice a minor to engage in illegal sexual activity to escape via "dumb luck." *Id*.; *see also United States v. Sims*, 428 F.3d 945, 949, 959-60 (10th Cir. 2005) ("[I]t is not a defense to an offense involving enticement and exploitation of minors [under 18 U.S.C. § 2422(b)] that the defendant falsely believed a minor to be involved."); *Root*, 296 F.3d at 1227 ("We conclude that an actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2422(b)."); *United States v. Farner*, 251 F.3d 510, 512 (5th Cir. 2001) (rejecting defendant's assertion that "it was legally impossible for him to have committed the crime [as charged under 18 U.S.C. § 2422(b)] since the 'minor' involved in this case was actually an adult"); *United States v. Borchert*, 03 CR 1199, 2004 WL 2278551, at *1-2 (N.D. Ill. Oct. 7, 2004) (finding that indictment charging attempt to entice a minor in violation of § 2422(b) was sufficient when "minor" was actually adult government agent); *United States v. Echt*, No. 01 CR 704, 2002 WL 188474, at *1 (N.D. Ill. Jan. 25, 2002) ("The Court finds that 18 U.S.C. § 2422(b) makes unlawful attempts to induce those believed to be minors - even if they turn out to be of-age - into sexual activities.").

     This Court agrees with the holdings of these cases. Here, the government alleges that Defendant knowingly attempted to entice a person he believed to be a minor into engaging in

illegal sexual activity. Defendant may not profit from the fortuity that the person he was allegedly preying upon was an adult posing as a minor and not an actual minor. His alleged attempt to entice a person that he believed to be under the age of 18 is sufficient for an indictment under 18 U.S.C. § 2422(b).

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss Indictment [Doc. 83 and Doc. 86] is **DENIED**. This Court **GRANTS** a Bill of Particulars, requiring the government to provide Defendant with information regarding what "criminal offense" is at issue in this prosecution.

**SO ORDERED**.

ENTERED: January 30, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
