UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:05-CR-54 PS |
| | ) | |
| BRANDON CANDIANO | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Defendant Brandon Candiano is charged in a two-count superseding indictment with using a means of interstate commerce to attempt to persuade a minor to engage in illegal sexual activity in violation of Title 18, United States Code, Section 2422(b). At the time of his arrest, Defendant was attending Calumet College to obtain his teacher's certificate and was employed at the college as an assistant baseball coach. The prosecutor in this matter, Assistant U.S. Attorney Philip Benson, is an Adjunct Professor at Calumet College and has held that position since 1990. Defendant believes that these facts require Benson to recuse himself from the case because of a potential conflict of interest. Benson has refused, and therefore, before the Court is Defendant's Motion to Disqualify Assistant United States Attorney Benson. Because there is no basis to disqualify Benson, the Motion is denied.

**DISCUSSION**

Defendant argues that professors, students and employees from Calumet College may testify in the case as character witnesses on his behalf or as witnesses on behalf of the government. Therefore, according to Defendant, it causes him "great concern" that Benson may

have to question an individual from Calumet College that personally knows or knows of Benson or that Benson may personally know or know of.  (Def.'s Mot. to Disqualify at 2.)  Defendant contends that such a scenario creates an unacceptable conflict of interest for Benson.

The Court begins the conflict of interest analysis with the general proposition, acknowledged by Defendant, that "disqualification 'is a drastic measure which courts should hesitate to impose except when absolutely necessary.'" *In re Grand Jury Subpoena of Rochon*, 873 F.2d 170, 176 (7th Cir. 1989), quoting *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982).  In no way can it be said here that it is "absolutely necessary" to disqualify Benson from this case due to a conflict of interest.

The Local Rules for the Northern District of Indiana have specifically incorporated the Indiana Rules of Professional Conduct.  *See* N.D. Ind. L.R. 83.5(f) ("The Rules of Professional Conduct, as adopted by the Indiana Supreme Court, . . . shall provide standards of conduct for those practicing in this court.").  Rule 1.7 of the Indiana Rules of Professional Conduct provides that a lawyer has a conflict of interest with a client if, in representing that client, "the representation of one client will be directly adverse to another client[.]"  Ind. R. Prof. Conduct 1.7(a)(1).  A conflict of interest also exists if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."  *Id.* at 1.7(a)(2).  In this case, Defendant has not set forth any allegations that Benson's representation of the United States will be affected by his responsibilities to another current client, a former client or a third person.

Rather, the only imaginable argument that Defendant has under a conflict of interest

theory is that Benson has "a personal interest" in his employment at Calumet College and that somehow that personal interest will affect his ability to fully and effectively represent the United States in this matter if an employee of Calumet College testifies. The argument does not get pass first base. First, Defendant has not alleged that Benson in fact knows any of the witnesses who will actually be called in this case.

Second, even if Benson knows a witness, and thus could be said to have "a personal interest" in the matter, it does not mean he has to be disqualified. This is because a lawyer can still represent a client even when there is a conflict if "the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client[.]" *Id.* at 1.7(b). Thus, the critical question is whether Benson's relationship with Calumet College "will materially interfere with [his] independent professional judgment . . ." in his representation of the United States. *Id*. at Comment [8]. The Court finds that it would not. The Court has been presented with nothing to suggest that Benson's professional judgment would be interfered with in this case. In sum, even if one stretches Rule 1.7 to nearly its breaking point and finds that Benson's employment at Calumet College somehow amounts to "a personal interest" and thus a conflict, it is reasonable to believe that Benson could nonetheless vigorously represent the United States notwithstanding that supposed "personal interest."

In any event, the Department of Justice (DOJ) is the client here who must make the call in determining whether Benson "will be materially limited as a result of [his] other responsibilities or interests." *Id.* at Comment [8]. In its response, the DOJ notes that even if Benson did have a conflict of interest, "the United States could consent to his representation notwithstanding the conflict." (Gov't Resp. at 4.) *See United States v. Bolden*, 353 F.3d 870,

3

879, n.3 (10th Cir. 2003) (noting that, "in most cases, the Executive is in a better position than a judge to decide who can best represent its position").  This Court therefore finds that any conceivable argument regarding Benson's potential conflict of interest in this case does not require Benson to be disqualified from prosecuting this matter.

      The cases relied upon by Defendant involve far different circumstances than those present here and thus do not compel a different result.  *See Young v. United States ex rel. Vuitton Et Fils*, 481 U.S. 787, 790 (1987) (holding that "counsel for a party that is the beneficiary of a court order may not be appointed to undertake contempt prosecutions for alleged violations of that order"); *United States v. Prantil*, 764 F.2d 548, 552 (9th Cir. 1985) (finding that "the district court abused its discretion in denying the defendant's timely motion for the substitution of the participating prosecutor in order to permit the defense to subpoena the prosecutor as a witness"); *United States v. Heldt*, 668 F.2d 1238, 1276 (D.C. Cir. 1981) (noting "the possibility of a disqualifying conflict arising out of a prosecutor's status as a civil defendant").

      Defendant also makes a passing reference to students from Calumet College possibly testifying at the trial.  One concern might be if one of Benson's current students were called to testify.  The question is a speculative one at this point because Defendant has not stated as a matter of fact that he intends to call such a student.  Other than testifying as character witnesses, it is difficult to imagine what those witnesses might have to offer.  The court has considerable discretion in controlling the presentation of character testimony under Federal Rule of Evidence 405, *see United States v. Baskes,* 649 F.2d 471, 477 (7th Cir. 1980), and unless and until the issue is squarely presented to the Court, we need not decide the issue.

4

**CONCLUSION**

For these reasons, Defendant's Motion to Disqualify Assistant U.S. Attorney Benson [Doc. 84] is **DENIED**.

**SO ORDERED**.

ENTERED: January 31, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
